UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FOX SHIVER LLC,
                                Plaintiff,

            -v-

INDIVIDUALS, CORPORATIONS,
LIMITED LIABILITY COMPANIES,
PARTNERSHIPS, AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE A TO
THE COMPLAINT,
                              Defendants.

23-CV-1898 (JPO)

ORDER

---

J. PAUL OETKEN, District Judge:

       The Court is in receipt of Plaintiff's motion for reconsideration of its temporary restraining order (*see* ECF Nos. 9, 11), specifically the portion of this Court's order requiring that service comply with the Hague Convention.  (ECF No. 17.)  Plaintiff argues that "notice" under Rule 65 of the Federal Rules of Civil Procedure can be distinguished from "service" as contemplated in Judge Woods's opinion in *Smart Study Co. v. Acuteye-US*, 21 Civ. 5860, 2022 WL 2872297 (S.D.N.Y. July 21, 2022), *appeal dismissed sub nom. Smart Study Co. v. HAPPY PARTY-001,* 2023 WL 3220461 (2d Cir. May 3, 2023), and that requiring that Plaintiff inform Defendants of the current proceedings through the Hague Convention will create "manifest injustice."  In so doing, Plaintiff relies on several other cases that pre-date Judge Woods's decision, are from out of this District, or otherwise allow email service of Chinese defendants.

       In the absence of clarification from the Second Circuit regarding what process is due and what means are acceptable for foreign defendants in China and other countries that object to Article 10 of the Hague Convention, Plaintiff's initial request to serve Chinese defendants via email was understandable.  Likewise, the Court acknowledges that service through the Hague

Convention's conventional means may be onerous and time consuming. As Judge Woods wrote in *Smart Study*, "service via the procedures outlined in the Hague Convention can be lengthy, and that there is little ability to monitor the progress of a request for service to the Ministry of Justice," posing difficulties for cases such as this one, despite that "the goal of prosecuting copyright and trademark infringement abroad is a noble one." 2022 WL 2872297 at *15.

Close inspection of Judge Woods's well-reasoned opinion, as well as of Rules 4(f) and 65, does not support Plaintiff's position. Indeed, two of the defendants in *Smart Study* objected to the Court's issuance *of a preliminary injunction* against them on basis of personal jurisdiction because "service via email on Chinese defendants was not permissible under the Hague Convention, and thus was not permissible under Federal Rule of Civil Procedure 4(f)." *Id.* at *2. Though the plaintiffs in *Smart Study* ultimately dismissed these defendants, the court concluded that "the bell had already been rung." *Id.* at *3. Thus, the Court is not inclined to reconsider its earlier order. Nor is the Court inclined to extend the *ex parte* TRO for six months, as Plaintiffs propose in the alternative.

The Court would, however, revisit its conclusion regarding the propriety of email service for some Defendants in China if Plaintiffs could demonstrate that the Hague Convention does not apply, as stated in its original order at paragraph 10:

> Service by email and online publication are, however, permissible where the Hague Convention does not apply. The Convention is inapplicable where "the address of the person to be served with the document is not known to the party serving process." *Cengage Learning, Inc. v. Xuhong Wang*, No. 17 Civ. 4914, 2017 WL 11570668, at *2 (S.D.N.Y. Sept. 14, 2017). "Courts in this Circuit have found that an address is not known if the plaintiff exercised reasonable diligence in attempting to discover a physical address for service of process and was unsuccessful in doing so." *Smart Study Co.*, 2022 WL 2872297, at *5 (citations omitted). Reasonable diligence requires more than a "mere perusal of defendant's storefront." *Id.* at *6. A plaintiff must make further

2

> efforts, such as investigating likely physical addresses and determining whether they are associated with defendants. *See Kelly Toys Holdings, LLC. v. Top Dep't Store*, No. 22 Civ. 558, 2022 WL 5 3701216, at *6 (S.D.N.Y. Aug. 26, 2022) (dispatched investigator and local counsel to determine whether physical addresses were associated with defendants); *Zuru (Singapore) Pte., Ltd. v. Individuals Identified on Schedule A Hereto*, No. 22 Civ. 2483, 2022 WL 14872617, at *2 (S.D.N.Y. Oct. 26, 2022) (conducted "further online research, sent mail to the addresses, and conducted in-person visits" to determine whether physical addresses provided by Amazon were accurate). At the very least, Plaintiff must establish that it used reasonable diligence to identify Defendants' physical addresses. If Plaintiff is able to establish reasonable diligence in identifying Defendants' physical locations, the Court will reconsider the propriety of service by email and online publication.

(ECF No. 9 at ¶ 10; *see also Smart Study* at 5 -*6; *KAWS Inc. v. Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations Identified on Schedule A to the Complaint*, 22 Civ. 9073 (JPO) at ECF Nos. 22, 22-1 – 22-3, 24.)

Plaintiff is therefore directed to provide a status update to the Court by June 15, 2023 as to Plaintiff's efforts to obtain the addresses of the Defendants in China and whether those efforts have been successful.

Plaintiffs' motion for reconsideration is DENIED. The Clerk of Court is hereby directed to close the motion at ECF No. 17.

SO ORDERED.

Dated: June 1, 2023
New York, New York

_____
J. PAUL OETKEN
United States District Judge