UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

Fox Shiver, LLC, a New York Limited
Liability Company,

                Plaintiff,        Case No: 1-23-cv-1898-JPO

   v.

Individuals, Corporations, Limited
Liability Companies, Partnerships,
and Unincorporated Associations Identified
on Schedule A to the Complaint,

                Defendants.

------------------------------------x

## **PRELIMINARY INJUNCTION ORDER**

THIS MATTER comes before the Court on the application of Fox Shiver LLC ("Plaintiff"), brought by way of Order to Show Cause, for entry of a Preliminary Injunction (the "Application") against the Defendants identified on the Schedule A to the Complaint (collectively, the "Defendants"); and

THE COURT having reviewed the papers in support of the Application, and following arguments by all counsel present at the July 14, 2023 hearing, finds that Plaintiff meets the criteria for entry of preliminary injunctive relief.

THE COURT further finds it has personal jurisdiction over the Defendants because the Defendants directly target their business activities toward consumers in the United States, including New York, offering to sell and ship products into this Judicial District. Specifically, the Defendants are reaching out to do business with New York residents by operating one or more commercial, interactive online storefronts through which New York residents can purchase

products, designs, and/or digital files bearing or otherwise containing Plaintiff's artwork (the "Infringing Products") incorporating at least one of Plaintiff's copyrights as identified within Plaintiff's Complaint [ECF No. 1].

THIS COURT has determined that the evidence submitted in support of the Application establishes that Plaintiff has a likelihood of success on the merits, that no remedy at law exists, and that Plaintiff will suffer irreparable harm if a preliminary injunction is not granted. The continued and unauthorized se of Plaintiff's copyrights irreparably harms Plaintiff through loss of exclusivity, loss of future sales, and damage to Plaintiff's reputation. Money damages fail to address such damage. Further, the public interest is served by entry of this Preliminary Injunction to prevent Plaintiff's interest to its copyrights and to protect the public from being deceived and defrauded by Defendants' infringing actions. For these reasons, and the findings of fact and conclusions of law set forth in the Temporary Restraining Order, and as further clarified or modified [ECF No. 9, 11, and 51], the issuance of a preliminary injunction is warranted and that such injunction is warranted under Federal Rule of Civil Procedure 65.

NOW THEREFORE, on this 14th day of July, 2023, this Court ORDERS that:

1. Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be preliminarily enjoined and restrained from:

    a. Using or otherwise exploiting Plaintiff's Copyrights in any manner;

    b. Passing off, inducing, or enabling others to sell or pass off any not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale using Plaintiff's Copyrights;

    c. Further infringing Plaintiff's Copyrights;

    d. Using, linking to, transferring, selling, exercising control over, or otherwise owning the User Accounts, the Defendant Internet Stores, or any other domain name or online market place account that is being used to sell or is the means by which Defendants could continue to sell Infringing Products; and

    e. Within five (5) days of receipt of this Order, any and all Marketplace Platforms and Financial Institutions hosting or servicing a Defendant's User Account are directed to disable and cease providing services for an Defendant User Accounts through which Defendants engage in the sale of Infringing Products, including any accounts associated with the Defendants.

2. Defendants and any persons in active concert or participation with them who have actual notice of this Order shall be preliminary enjoined from transferring or disposing of any money or other assets until further ordered by this Court.

3. The Marketplace Platforms shall, within five (5) business days of receipt of this Order, for any Defendant account:

    a. Locate all accounts and funds connected to and related to PI Defendants, Defendants' Online Marketplace Accounts or PI Defendants' websites, including, but not limited to, any AliPay, AllPay/GoAllPay, Amazon, Bank of China, Coinbase, DHgate, eBay, HyperWallet, JD.com, Joom, Lakala, LianLian, OFX, Paxful, PayEco, Payoneer, PayPal, PingPong, SellersFunding, Shopify, Stripe, Union Mobile/UmPay/UmPay2, Walmart, Wise/TransferWise, Wish, and World First accounts connected to and related to the information listed in Schedule A to the Complaint; and

    b. Restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of PI Defendants' assets until further ordered by this Court.

4. Any banks, savings and loan associations, payment processors, or other financial institutions, for any Defendant or Defendant User Account, shall within five (5) business days of receipt of this Order:

    a. Locate all accounts and funds connected to the Defendants, Defendants' User Account, including but not limited to, any accounts connected to the information listed in Schedule A to the Complaint, and

    b. Restrain and enjoin such accounts from receiving, transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

5. Plaintiff's Schedule A to the Complaint and all motions, declarations, exhibits, etc., filed in connection with the Motion to Seal and Motion for Temporary Restraining Order [ECF No. 6], are now unsealed. The Clerk of Court is directed to unseal ECF No. 6 in its entirety.

6. Any Defendant that is subject to this Order may appear and move to dissolve or modify this Order on seven (7) days' notice to Plaintiff, or on shorter notice as set by this Court.

7. The Five Thousand Dollars ($5,000.00) bond posted by Plaintiff shall remain with the Court until a final disposition of this case, or until this Preliminary Injunction is terminated.

Dated: July 14, 2023

_____
J. PAUL OETKEN
United States District Judge