UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FOX SHIVER LLC,
                            Plaintiff,

            -v-

INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A TO THE COMPLAINT,
                            Defendants.

23-CV-1898 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

On April 25, 2023, the Court entered an order denying Plaintiff's request for permission to service Defendants located in China via email or online publication, and directed Alibaba, Aliexpress, DHGate, eBay, Etsy, Walmart, Wish, Temu, and any other online e-commerce storefront service provider to provide identifying information concerning Defendants. (ECF No. 9.) On June 1, 2023, the Court entered an order denying Plaintiff's motion for reconsideration and directed Plaintiff to provide a status update to the Court by June 15, 2023 as to Plaintiff's efforts to obtain the addresses of the Defendants in China. (ECF No. 34.) Plaintiff submitted a status letter on June 15, 2023 (ECF No. 43), and a further status letter on August 11, 2023 (ECF No. 80).

As the Court stated in its original order at paragraph 10:

> Service by email and online publication are, however, permissible where the Hague Convention does not apply. The Convention is inapplicable where "the address of the person to be served with the document is not known to the party serving process." *Cengage Learning, Inc. v. Xuhong Wang*, No. 17 Civ. 4914, 2017 WL 11570668, at *2 (S.D.N.Y. Sept. 14, 2017). "Courts in this Circuit have found that an address is not known if the plaintiff exercised

> reasonable diligence in attempting to discover a physical address for service of process and was unsuccessful in doing so." *Smart Study Co.*, 2022 WL 2872297, at *5 (citations omitted). Reasonable diligence requires more than a "mere perusal of defendant's storefront." *Id.* at *6. A plaintiff must make further efforts, such as investigating likely physical addresses and determining whether they are associated with defendants. *See Kelly Toys Holdings, LLC. v. Top Dep't Store*, No. 22 Civ. 558, 2022 WL 5 3701216, at *6 (S.D.N.Y. Aug. 26, 2022) (dispatched investigator and local counsel to determine whether physical addresses were associated with defendants); *Zuru (Singapore) Pte., Ltd. v. Individuals Identified on Schedule A Hereto*, No. 22 Civ. 2483, 2022 WL 14872617, at *2 (S.D.N.Y. Oct. 26, 2022) (conducted "further online research, sent mail to the addresses, and conducted in-person visits" to determine whether physical addresses provided by Amazon were accurate). At the very least, Plaintiff must establish that it used reasonable diligence to identify Defendants' physical addresses. If Plaintiff is able to establish reasonable diligence in identifying Defendants' physical locations, the Court will reconsider the propriety of service by email and online publication.

(ECF No. 9 at ¶ 10; *see also* Smart Study Co. v. Acuteye-Us, 620 F. Supp. 3d 1382 (S.D.N.Y. 2022), appeal dismissed sub nom. Smart Study Co. v. HAPPY PARTY-001, No. 22-1810-CV, 2023 WL 3220461 (2d Cir. May 3, 2023))

Plaintiff represents that Alibaba did not provide addresses as part of their response. (ECF No. 80 at 1.) Nevertheless, Plaintiff represents that it was able to ascertain the addresses of seventy Alibaba Defendants located in China by conducting additional research and relying on a third-party investigation service provider specializing in due diligence investigations within Asia. (ECF No. 80 at 1-2).

Plaintiff represents that AliExrepss and DHGate did not provide physical addresses as part of their production of identifying information. (ECF No. 80 at 2.) Given that there is no other means to obtain the physical addresses of those Defendants, alternative service by email or online publication is appropriate. *Kaws Inc. v. Individuals, Corps., Ltd. Liab. Companies,*

2

*Partnerships, & Unincorporated Associations Identified on Schedule A to Complaint*, No. 22-CV-9073 (JPO), 2022 WL 17404520, at *1 (S.D.N.Y. Dec. 2, 2022).

Finally, Temu and Wish did provide addresses as part of their production of identifying information. However, for the two defendants using Wish ("tryhtr" and "dashanmu5"), and the three defendants using Temu ("Claire Design," "Hongma Good Thing," and "Rosegirl"), Plaintiff represents that the third-party investigation firm was unable to find the true name of the account holder or verify the accuracy of the reported information. (ECF No. 80 at 2.) Plaintiff further represents that it mailed correspondences to each of these five Defendants via postal channels, but as of August 11, 2023, none have been successfully delivered. (*Id.*) Because the potential for further mail delays is unknown, and it is unclear whether Plaintiff will be able to confirm the validity of these addresses within a reasonable time period, service by electronic means is permissible. *Kaws Inc.*, 2022 WL 17404520, at *1.

The Court concludes that Plaintiff has exercised reasonable diligence in identifying Defendants' physical addresses, that the physical addresses of the Defendants itemized in the Excerpt to Amended Schedule A are not known, and that the Hague Convention is therefore inapplicable to these Defendants. (*See* ECF No. 80-2.)

Plaintiff is directed to effect electronic service on all Defendants itemized in the Excerpt to Amended Schedule A without delay.

SO ORDERED.

Dated: October 13, 2023
  New York, New York

_____
J. PAUL OETKEN
United States District Judge