UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FOX SHIVER LLC,<br><br>                              Plaintiff,<br><br>                   -v-<br><br>INDIVIDUALS, CORPORATIONS,<br>LIMITED LIABILITY COMPANIES,<br>PARTNERSHIPS, AND<br>UNINCORPORATED ASSOCIATIONS<br>IDENTIFIED ON SCHEDULE A TO<br>THE COMPLAINT,<br>                              Defendants. | 23-CV-1898 (JPO)<br><br>OPINION AND ORDER |

J. PAUL OETKEN, District Judge:

        The Court is in receipt of Plaintiff Fox Shiver's motion for permission to effect

alternative service by email as to three groups of Defendants: (1) fifty-six defendants who have

not been served by the Chinese Central Authority, (2) two defendants who have not been served

by the Turkish Central Authority, and (3) three defendants in China whose addresses are not

known.  (ECF No. 99.)  The Court begins by considering the first and second set of defendants

who were not served by the Chinese Central Authority and Turkish Central Authority, and then

considers the final groups of defendants whose addresses are unknown.  For the following

reasons, Fox Shiver's motion is granted in part and denied in part.

        Fox Shiver requests that the Court allow it to serve by email fifty-six defendants located

in China, who are listed in Exhibit A (ECF No. 99-1),[1] as well as two defendants located in

Turkey, named "'LiberationWorkshop' (#401) and 'ResurrectionWorkshop' (#406)."  (ECF No.

---

[1] In a further status report, Fox Shiver indicated that since the filing of the instant motion, the
Chinese Central Authority has served Defendant storefront "Hao Wu" (#99) under the Hague
Convention. (ECF No. 100.)

99 at 1, 4.)  As to the fifty-six defendants in China, Fox Shiver represents that it filed service requests with the Chinese Central Authority between June 15, 2023, and July 15, 2023.  (*Id.* at 1.)  The Chinese Central Authority stated that the service requests were "transferred to the Supreme People's Court for further processing" and that Fox Shiver should "wait patiently for the result."  (*Id.*)  As of January 15, 2024, six months have elapsed since Fox Shiver filed these service requests.  (*Id.*)  As to the defendants in Turkey, Fox Shiver delivered the pleadings, summons, orders, and other necessary documents to the Turkish Central Authority on July 4, 2023.  (*Id.* at 4.)  To date, Fox Shiver has not received any communication from the Turkish Central Authority.  (*Id.*)  As of January 4, 2024, six months have elapsed since Fox Shiver delivered the documents to the Turkish Central Authority.  (*Id.*)

"The Hague Convention does not specify a time within which a foreign country's Central Authority must effect service, but Article 15 does provide that alternate methods may be used if a Central Authority does not respond within six months."  Fed. R. Civ. P. 4(f)(3), Advisory Comm. Notes, 1993 Amendment; *see also U.S. S.E.C. v. Shehyn*, No. 04-CV-2003 (LAP), 2008 WL 6150322, at *3 (S.D.N.Y. Nov. 26, 2008).  The Court may "approve other methods of service not prohibited by international agreements" if the Central Authority fails to effect service "within the six-month period provided by the Convention."  Fed. R. Civ. P. 4(f)(3), Advisory Comm. Notes, 1993 Amendment.  "In such cases, the court may direct a special method of service not explicitly authorized by international agreement if not prohibited by the agreement."  *Id.*

Fox Shiver's motion for permission to serve Defendants located in China and Turkey by email is denied.  "[S]ervice by a method that is prohibited by international agreement is impermissible under Rule 4(f)(3). And . . . service by email on defendants located in China [and

Turkey] is not permitted under the Hague Convention." *Smart Study Co. v. Acuteye-Us*, 620 F. Supp. 3d 1382, 1392 (S.D.N.Y. 2022), *appeal dismissed sub nom. Smart Study Co. v. HAPPY PARTY-001*, No. 22-1810-CV, 2023 WL 3220461 (2d Cir. May 3, 2023).  The Supreme Court's decision in *Water Splash, Inc. v. Menon* clarified that the only permissible methods of service are those "specified" in the Convention.  *Id.* at 1393 (citing 581 U.S. 271, 273 (2017)).  "Articles 11 and 19 [of the Hague Convention] provide ready tools to permit countries to expressly permit service by email. And those articles would be largely superfluous if litigants could serve a party in another country merely by selecting a method that is not expressly listed in the Hague Convention—there would be no need for articles that permit countries to agree to other methods of service, or to legislate to affirmatively authorize other methods of services.").  *Id.* at 1394.

Moreover, both China and Turkey have objected to Article 10 of the Hague Convention, which permits service by "postal channels."  *See Convention on the service abroad of judicial and extrajudicial documents in civil or commercial matters: Parties with reservations, declarations and objections* (last accessed January 17, 2024), https://treatydatabase.overheid.nl/en/Verdrag/Details/004235_b.  It is true that some courts, including courts in the Second Circuit, have concluded that a country's objection to service by "postal channels" does not include an objection to service by email, absent a specific objection to service by email.  *Smart Study Co.*, 620 F. Supp. 3d at 1395.  But this rationale ignores that "[c]ountries, including China [and Turkey], objected to Article 10 of the Convention because, by its clear language, the service methods identified were specifically permitted unless objected to. The same cannot be said of email service.  There is no reason for a nation to affirmatively object to a service method that is not authorized or identified because the Convention specifies certain approved methods of service and pre-empts inconsistent methods of service wherever it applies."

*Id.* at 1396 (internal citations and quotation marks omitted).  For the foregoing reasons, Fox Shiver's motion for permission to serve Defendants located in China and Turkey by email is denied, as service by email upon defendants in China and Turkey is prohibited by the Hague Convention, and is therefore impermissible under Rule 4(f)(3).

Fox Shiver also requests that the Court allow it to serve by email three Defendants located in China whose addresses are unknown.  The Chinese Central Authority has returned Certificates of Non-Service for Defendants Henan Gwq Industry Co., Ltd. (#17), Shop900235122 (#207), and Shenzhen Olan Kongge Technology Co. Ltd. (#658).  (ECF No. 99 at 3.)  According to the Chinese Central Authority, Defendants Henan Gwq Industry Co., Ltd. (#17) and Shop900235122 (#207) could not be served because they could not be located at their specified addresses, and defendant Shenzhen Olan Kongge Technology Co. Ltd. (#658) could not be served because it has moved.  (*Id.*)  As to each of these Defendants, no alternative address was provided.  (*Id.*)  Fox Shiver represents that it has performed "reasonable diligence as to these three Defendants' addresses, which included retaining the services of a third-party investigation firm that specializes in due diligence searches of Asian entities."  (*Id.*)

As this Court explained in its earlier order, service by email is permissible where the Hague Convention does not apply, and the Hague Convention is inapplicable where "the address of the person to be served is not known to the party serving process."  *Cengage Learning, Inc. v. Xuhong Wang*, No. 17-CV-4914 (JFK), 2017 WL 11570668, at *2 (S.D.N.Y. Sept. 14, 2017); *see Fox Shiver LLC v. Individuals, Corps., Ltd. Liab. Companies, Partnerships, & Unincorporated Associations Identified on Schedule A to Complaint*, No. 23-CV-1898 (JPO), 2023 WL 6795299, at *1 (S.D.N.Y. Oct. 13, 2023) (ECF No. 91).  "Courts in this Circuit have found that an address is not known if the plaintiff exercised reasonable diligence in attempting to

discover a physical address for service of process and was unsuccessful in doing so." *Smart Study Co.*, 620 F. Supp. 3d at 1390-91 (internal citations and quotation marks omitted). Reasonable diligence requires more than a "mere perusal of a defendant's storefront." *Id.* at 1391. A plaintiff must make further efforts, such as investigating likely physical addresses and determining whether they are associated with defendants. *See Kelly Toys Holdings, LLC. v. Top Dep't Store*, No. 22-CV-558 (PAE), 2022 WL3701216, at *6 (S.D.N.Y. Aug. 26, 2022) (dispatched investigator and local counsel to determine whether physical addresses were associated with defendants); *Zuru (Singapore) Pte., Ltd. v. Individuals Identified on Schedule A Hereto*, No. 22-CV-2483 (LGS), 2022 WL 14872617, at *2 (S.D.N.Y. Oct. 26, 2022) (conducted "further online research, sent mail to the addresses, and conducted in-person visits" to determine whether physical addresses provided by Amazon were accurate). At the very least, Fox Shiver must establish that it used reasonable diligence to identify Defendants' physical addresses.

The Court concludes that Plaintiff has exercised reasonable diligence in identifying the physical addresses for Henan Gwq Industry Co., Ltd. (#17), Shop900235122 (#207), and Shenzhen Olan Kongge Technology Co. Ltd. (#658), that the physical addresses of these three defendants are not known, and that the Hague Convention is therefore inapplicable to these three defendants.

For the foregoing reasons, Fox Shiver's motion to serve defendants by email is GRANTED in part and DENIED in part. Fox Shiver is directed to effect electronic service on Henan Gwq Industry Co., Ltd. (#17), Shop900235122 (#207), and Shenzhen Olan Kongge Technology Co. Ltd. (#658) within 14 days.

SO ORDERED.

Dated: January 22, 2024
New York, New York

J. PAUL OETKEN
United States District Judge