UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FOX SHIVER LLC,

                              Plaintiff,

                    -v-

INDIVIDUALS, CORPORATIONS,
LIMITED LIABILITY COMPANIES,
PARTNERSHIPS, AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE A TO
THE COMPLAINT,

                              Defendants.

23-CV-1898 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

Plaintiff Fox Shiver filed a letter with the Court on September 23, 2024 requesting permission to serve a number of defendants via email.  (ECF No. 106.)  Fox Shiver represents that, for each listed defendant, "the Chinese Central Authority has provided Certificates of Non-Service for various, but similar, reasons, *e.g.*, no such company at the address provided, wrong address, or address not sufficient."  (*Id.* at 1.)  Fox Shiver also represents that it has attempted to uncover valid addresses, including "retaining the services of a third-party investigation firm that specializes in due diligence searches of Asian entities."  (*Id.* at 2.)  Based on that firm's failure to contact the defendants, Fox Shiver concluded that they "provided false information to their respective service providers and/or failed to update the information with their local regulatory authority."  (*Id.*)

As the Court explained in its previous order, "service by email is permissible where the Hague Convention does not apply, and the Hague Convention is inapplicable where 'the address of the person to be served is not known to the party serving process.'"  *Fox Shiver LLC v. Individuals, Corps., Ltd. Liab. Cos., P'ships, & Unincorporated Ass'ns Identified on Schedule A*

1

*to the Complaint*, No. 23-CV-1898, 2024 WL 230748, at *2 (S.D.N.Y. Jan. 22, 2024) (quoting *Cengage Learning, Inc. v. Xuhong Wang*, No. 17-CV-4914, 2017 WL 11570668, at *2 (S.D.N.Y. Sept. 14, 2017)).  "[A]n address is not known if the plaintiff exercised reasonable diligence in attempting to discover a physical address for service of process and was unsuccessful in doing so."  *Id.* (quoting *Smart Study Co. v. Acuteye-Us*, 620 F. Supp. 3d 1382, 1390–91 (S.D.N.Y. 2022)).

As it did previously with respect to Defendants #17, #207, and #658, the Court concludes that "Plaintiff has exercised reasonable diligence in identifying the physical addresses [of the defendants in its September 23 letter] . . . that the physical addresses of these [] defendants are not known, and that the Hague Convention is therefore inapplicable to these [] defendants."  *Id.* Plaintiff is therefore authorized to serve these defendants via email.

For the foregoing reasons, Fox Shiver's motion to serve defendants by email is GRANTED.  Fox Shiver is directed to effect electronic service on the defendants identified in the schedule in its Letter (ECF No. 106 at 1-2), within 14 days.

SO ORDERED.

Dated:  September 25, 2024
    New York, New York

_____
            J. PAUL OETKEN
        United States District Judge