UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FOX SHIVER LLC,
                      Plaintiff,

-v-

INDIVIDUALS, CORPORATIONS,
LIMITED LIABILITY COMPANIES,
PARTNERSHIPS, AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE A TO
THE COMPLAINT,
                      Defendants.

23-CV-1898 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

      Plaintiff Fox Shiver filed a letter with the Court on February 12, 2025 requesting permission to serve a defendant via email. (ECF No. 112.) Fox Shiver represents that "the Chinese Central Authority recently has provided a Certificate of Non-Service, indicating that 'the address provided does not exist and the recipient cannot be reached.'" (*Id.* at 1.) Fox Shiver also represents that it has attempted to uncover valid addresses, including "retain[ing] a third-party investigative firm specializing in due diligence searches of Asian entities." (*Id.*) Based on that firm's failure to contact the defendants, Fox Shiver concluded that they "provided false information" to various entities, including "the relevant governmental authority." (*Id.*) Because their "investigative efforts have been in vain" and the "Chinese Central Authority has not provided an alternative address," Plaintiffs have concluded that "service under the Hague Convention was not possible." (*Id.*)

      As the Court explained in its previous orders, "service by email is permissible where the Hague Convention does not apply, and the Hague Convention is inapplicable where 'the address of the person to be served is not known to the party serving process.'" *Fox Shiver LLC v.*

*Individuals, Corps., Ltd. Liab. Cos., P'ships, & Unincorporated Ass'ns Identified on Schedule A to the Complaint*, No. 23-CV-1898, 2024 WL 230748, at *2 (S.D.N.Y. Jan. 22, 2024) (quoting *Cengage Learning, Inc. v. Xuhong Wang*, No. 17-CV-4914, 2017 WL 11570668, at *2 (S.D.N.Y. Sept. 14, 2017)). "[A]n address is not known if the plaintiff exercised reasonable diligence in attempting to discover a physical address for service of process and was unsuccessful in doing so." *Id.* (quoting *Smart Study Co. v. Acuteye-Us*, 620 F. Supp. 3d 1382, 1390–91 (S.D.N.Y. 2022)).

As it did previously with respect to other defendants in this case, the Court concludes that "Plaintiff has exercised reasonable diligence in identifying the physical addresses [of Defendant #108, Guangzhou Xingchunhe Trading Co., Ltd.] . . . that [its] physical addresses . . . are not known, and that the Hague Convention is therefore inapplicable . . . ." *Id.* Plaintiff is therefore authorized to serve this defendant via email.

For the foregoing reasons, Fox Shiver's motion to serve Defendant #108, Guangzhou Xingchunhe Trading Co., Ltd. by email is GRANTED. Fox Shiver is directed to effect electronic service on this defendant within 14 days.

SO ORDERED.

Dated: February 14, 2025
New York, New York

_____
J. PAUL OETKEN
United States District Judge

2