UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

Fox Shiver LLC

                           Plaintiff

                                       Case No: 23-cv-1898-JPO

    v.

Individuals, Corporations, Limited
Liability Companies, Partnerships,
and Unincorporated Associations Identified
on Schedule A to the Complaint,

                           Defendants.

-----------------------------------------------------------x

## DEFAULT JUDGMENT

THIS ACTION, having been commenced Fox Shiver LLC ("Plaintiff") against the

Defendants identified on Schedule A, and that certain Defendants identified in **Appendix A** to

this Order have defaulted (collectively, the "Subject Defendants"), who operated storefronts (the

"Online Storefronts") through various online marketplace platforms (the "Service Providers")

through which the Subject Defendants commercially exploited one or more works of art, to

which Plaintiff owns the copyrights in connection with physical products or digital files

bearing/containing one or more Subject Works (the "Infringing Products"); and Plaintiff having

moved for entry of Default Judgment against the Subject Defendants;

This Court having entered, upon a showing by Plaintiff, a temporary restraining order and

preliminary injunction against the Subject Defendants that included an asset restraining order, for

their offering for sale of the Infringing Products exploiting one or more of the works of art

owned by Plaintiff, as identified in **Appendix B** to this Order (the "Subject Works");

Plaintiff properly completed service of process on the Subject Defendants via alternative service as previously permitted by the Court, or through the Chinese Central Authority as required under the Hague Convention;

The Subject Defendants, and each of them, have been afforded ample time and opportunity to answer and present their objections;

None of the Subject Defendants having answered the Complaint or appeared in any way, and the time for answering the Complaint having expired;

THIS COURT FINDS that it has personal jurisdiction over the Subject Defendants because the Subject Defendants (a) directly target their business activities toward consumers in the United States, including New York, offering to sell and ship products into this Judicial District. Specifically, the Subject Defendants are reaching out to do business with New York residents by operating one or more commercial, interactive Online Storefronts through which New York residents can purchase products bearing counterfeit versions of products utilizing one or more of the Subject Works; (b) transacted business within New York by contracting with New York-based Etsy, Inc. to operate their Online Storefronts, including the payment of account and listing fees, in which the Infringing Products were offered for sale and/or sold; and/or (c) caused injury to Plaintiff's copyrights to the Subject Works in New York, namely the diminution or tarnishment of the value of those copyrights

THIS COURT FURTHER FINDS that Plaintiff Fox Shiver LLC is the owner of the copyrights in and to the Subject Works, and that the copyrights for each of the Subject Works are duly registered with the United States Copyright Office. The copyright registrations for 30 of the 32 Subject Works were obtained within five (5) years of their first publication and thus constitute *prima facie* evidence of the validity of the copyrights and the facts stated in the certificates

pursuant to 17 U.S.C. § 410(c). For the remaining two, Subject Works, although registered

shortly after the five-year window, the registrations remain valid, subsisting, and in full force and

effect, and serve as conclusive evidence of Plaintiff's ownership and rights in the Subject Works.

THIS COURT FURTHER FINDS that upon reviewing the Subject Works and the

corresponding Infringing Products, each Infringing Product is either an identical copy of a

Subject Work, is virtually identical, or is otherwise substantially similar to the Subject Work it

copies.

THIS COURT FURTHER FINDS that the Subject Defendants had access to the Subject

Works, as evidenced by their commercial exploitation of identical or nearly identical

reproductions of the Subject Works. The striking similarity between the Subject Works and the

respective Infringing Products establishes that copying necessarily occurred. The degree of

similarity between the Subject Works and the respective Infringing Products is so overwhelming

that it compels the conclusion that the Subject Defendants directly copied the Subject Works,

thereby satisfying the striking similarity standard.

THIS COURT FURTHER FINDS that the Subject Defendants are liable for copyright

infringement under 17 U.S.C. § 101 *et seq.*, and that such conduct was willful and malicious;

THIS COURT FURTHER FINDS that the Service Providers, including but not limited to,

Alibaba, AliExpress, DHgate, Etsy, Walmart, Wish and Temu, online marketplace platforms,

payment processors, financial institutions, domain registrars, and internet service providers

(collectively, "Third-Party Providers"), are in active concert or participation with the Subject

Defendants pursuant to Federal Rule of Civil Procedure 65(d)(2). These Third-Party Providers

have facilitated and materially contributed to the Subject Defendants' infringing conduct by

providing services that enabled the sale, promotion, distribution, and monetization of the

Infringing Products, including: (a) providing marketplace accounts and platforms for the Subject

Defendants to advertise, offer for sale, and sell products bearing the Subject Works; (b)

processing payments, transmitting funds, and providing financial services that allowed the

Subject Defendants to receive proceeds from the sale of the Infringing Products; (c) hosting and

displaying the Subject Defendants' infringing listings, thereby facilitating consumer access to the

unauthorized works; and/or (d) providing customer support, order fulfillment, and logistical

services that further enabled the commercial exploitation of the Subject Works. Accordingly, the

Third-Party Providers, having actively participated in and facilitated the unlawful conduct of the

Subject Defendants, are properly bound by this Order and directed to take all necessary steps to

disable, restrict, and prevent further use of their platforms and services in connection with the

infringement of the Subject Works.

IT IS HEREBY ORDERED that Plaintiff's Motion for Default Judgment is GRANTED

in its entirety, that Default Judgment is entered against the Subject Defendants, as specified

herein.

Accordingly, this Court ORDERS that:

1.      The Subject Defendants, their affiliates, officers, agents, servants, employees,

attorneys, confederates, and all persons acting for, with, by, through, under or in active concert

with them be permanently enjoined and restrained from:

   a.  Using the Subject Works, or any reproductions, counterfeit copies, or colorable

       imitations thereof in any manner in connection with the distribution, marketing,

       advertising, offering for sale, or sale of any products, including the Infringing

       Products;

b.  Passing off, inducing, or enabling others to sell or pass off any product as a genuine product of Plaintiff's and/or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale pursuant to Plaintiff's copyrights to the Subject Works;

c.  Committing any acts calculated to cause consumers to believe that Defendants' Infringing Products are sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

d.  Further infringing Plaintiff's copyrights to the Subject Works and damaging Plaintiff' goodwill;

e.  Shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear the Subject Works, any reproductions, counterfeit copies, or colorable imitations thereof;

f.  Using, linking to, transferring, selling, exercising control over, or otherwise owning an Online Storefront or other online marketplace account that is being used to sell or is the means by which the Subject Defendants could continue to sell Infringing Products or other products bearing the Subject Works; and

g.  Operating any other web presence registered or operated by Defendants that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product embodying or bearing the Subject Works.

2.      Within five (5) days of receipt of this Order, the Service Providers, any domain name registry providing service to the Subject Defendants and their Online Storefronts, and any other Third-Party Providers are directed to:

a.  disable and cease providing services for any Online Storefront through which the Subject Defendants engage in the sale of Infringing Products, including any Online Storefronts associated, connected to, or otherwise affiliated with the Subject Defendants;

b.  disable and cease displaying any advertisements used by or associated the Subject Defendants in connection with the sale of Infringing Products; and

c.  take all steps necessary to prevent links to the Subject Defendants Online Storefronts, and the listings containing the Infringing Products, from displaying in search results, including, but not limited to, removing links to the Subject Defendants' Online Storefronts from any search index.

3.      Those in privity with the Subject Defendants, and with actual notice of this Order, including Third-Party Providers, such as PayPal, Wish, Payoneer, social media platforms, Facebook, YouTube, LinkedIn, Twitter, Internet search engines such as Google, shall within three (3) business days of receipt of this Order:

a.  disable and cease providing services for any accounts through which the Subject Defendants engage in the sale of counterfeit and infringing goods using the Subject Works;

b.  disable and cease displaying any advertisements used by or associated with the Subject Defendants in connection with the sale of counterfeit and infringing goods using the Subject Works; and

  c. take all steps necessary to prevent links to the Subject Defendants Online

   Storefronts from displaying in search results, including, but not limited to,

   removing links to the Subject Defendants Online Storefronts from any search

   index.

  4. The Service Providers, and their related companies and affiliates, as well as any other Third-Party Provider, within five (5) business days of receipt of this Order, shall use all available data within their respective possession, custody, or control to identify any additional accounts owned, operated, or controlled by the Subject Defendants ("Connected Accounts"). This search shall include, but is not limited to, reviewing the following:

  a. Account registration details (name, email addresses, phone numbers);

  b. Payment information and financial accounts used for transactions (such as PayPal,

   Payoneer, or linked bank accounts);

  c. IP addresses, device identifiers, and login history;

  d. Order fulfillment and shipping addresses; and

  e. Any other unique identifiers created for the Subject Defendants.

  5. The Service Providers, and its related companies and affiliates, as well as any other Third-Party Provider provided with actual notice of this Order, within five (5) business days of receipt of this Order, shall permanently restrain and enjoin the use of Subject Defendants' Online Storefronts and any Connected Accounts, including preventing any transfer or disposition of any money or other assets belong to the Subject Defendants.

  6. The Service Providers, and its related companies and affiliates, as well as any other Third-Party Provider with actual notice of this Order, within ten (10) business days of receipt of this Order, shall provide Plaintiff with a written report detailing:

    a.   The results of its search for Connected Accounts, including the specific criteria used to identify them;

    b.   A list of any Connected Accounts identified and actions taken against them; and

    c.   If any Third-Party Provider contends that it cannot reasonably locate Connected Accounts, a sworn declaration explaining the search methods employed and the reasons for its claimed inability to identify additional accounts.

7.      All banks, savings institutions, payment processors, money transmitters, and other financial institutions (collectively, the "Financial Institutions"), such as PayPal, Inc., Payoneer, Inc., Wise/Transfer Wise, Ping Pong Global Solutions, Inc., AllPay Limited, etc., shall, within three (3) business days of receipt of this Order, permanently restrain and enjoin any accounts connected to the Subject Defendants or the Subject Defendants' Online Storefronts from transferring or disposing of any money or other of the Subject Defendants' assets.

8.      Pursuant to 17 U.S.C. §504, Plaintiff is awarded statutory damages from each of the Subject Defendants, in the amount of fifty thousand dollars ($50,000.00);

9.      All monies currently restrained in the Subject Defendants' financial accounts, including monies held by the Service Providers, any Financial Institutions, or any other Third-Party Provider are hereby released to Plaintiff as partial payment of the above-identified damages, and the Service Providers, the Financial Institutions, and any other Third-Party Provider are ordered to release to Plaintiff the amounts from the Subject Defendants' accounts, including any Connected Accounts, within ten (10) business days of receipt of this Order.

10.    Partial payments made pursuant to this Order shall not constitute full satisfaction of the judgment unless and until the total amount awarded, including post-judgment interest, has been fully paid. Plaintiff may pursue collection of any remaining balance through all available

means, including but not limited to continuing enforcement actions against the Subject

Defendants, the issuance of additional restraining orders against newly discovered accounts or

assets, and any further proceedings necessary to ensure full satisfaction of the judgment.

   11. Until Plaintiff has recovered the full payment of monies owed by any Subject

Defendant, Plaintiff shall have the ongoing authority to serve this Order on the Service

Providers, any Financial Institution, and/or any other Third-Party Provider in the event that any

new accounts owned, controlled, or operated by any Subject Defendant is identified. Upon

receipt of this Order, the Service Providers, any Financial Institution, and/or any other Third-

Party Provider shall five (5) business days:

   a. Locate all accounts and funds connected to the Subject Defendants, and the

    Subject Defendants' Online Storefronts, including, but not limited to, any

    accounts connected to the Subject Defendants' Online Storefronts to which the

    Subject Defendants may transfer funds;

   b. Restrain and enjoin such accounts or funds form transferring or disposing of any

    money or other of the Subject Defendants' assets; and

   c. Release all monies restrained in the Subject Defendants' accounts to Plaintiff as

    partial payment of the above-identified damages within ten (10) business days of

    receipt of this Order.

   12. In the event that Plaintiff identifies any additional online marketplace accounts,

storefronts, domain names, or financial accounts owned by any Subject Defendant, Plaintiff may

send notice of any supplemental proceeding to the Subject Defendant by email at the email

addresses identified by Plaintiff, and any email addresses provided by third parties as being

owned or used by the Subject Defendant.

13.    Pursuant to 28 U.S.C. § 1961, post-judgment interest shall accrue on the total

monetary award, including damages, attorneys' fees, and costs, at the rate set forth by federal

law, from the date of entry of this Judgment until the total amount is fully paid. The applicable

rate of post-judgment interest shall be calculated as provided in 28 U.S.C. § 1961(a), based on

the weekly average one-year constant maturity Treasury yield, as published by the Board of

Governors of the Federal Reserve System, for the calendar week preceding the date of entry of

this Judgment. Such interest shall be compounded annually, as required by 28 U.S.C. § 1961(b).

The Subject Defendants shall be responsible for the payment of post-judgment interest without

the necessity of further action by the court or the prevailing party.

14.    The Clerk of Court is directed to release and return the full bond amount of

twenty-five thousand dollar ($5,000) to Axenfeld Law Group LLC, 535 N. Church St. #304,

West Chester, Pennsylvania 19380.

So ordered.
The Clerk of Court is
directed to close this case.
Dated: 9/3/2025

_____
J. PAUL OETKEN
United States District Judge

APPENDIX A

| Defendant Number | Seller Name |
|---|---|
| 4 | Dongguan Hengchi Clothing Co., Ltd. |
| 7 | Dongguan Yishangmei Clothing Co., Ltd |
| 8 | EVOS SPORTSWEAR INDUSTRIES |
| 9 | FARSH INTERNATIONAL |
| 11 | Guangxi Free Trade Zone Jingxuan Trading Co., Ltd. |
| 16 | HARDILY INTERNATIONAL |
| 18 | JAMEKA SPORTS |
| 28 | NEELO APPAREL |
| 29 | NIKDAS ENTERPRISES |
| 31 | ORDER HOUSE INDUSTRIES |
| 33 | RICH ZONE INTERNATIONAL |
| 34 | SEAGULL INDUSTRIES |
| 44 | SIBGHAT INTERNATIONAL |
| 47 | Yiwu Eunice Garment Co., Ltd. |
| 57 | Anime U Like |
| 58 | Beautiful Handsome |
| 81 | Decoration & Organiser |
| 90 | GGGH |
| 91 | GHH.10 |
| 92 | Gimue Journal Store |
| 93 | Gimue Stationery Store |
| 94 | GOODSHIRT |
| 95 | Great Clothing Store K5 |
| 96 | GTIME Official |
| 97 | GYM WINER very good |
| 98 | GYM&Giv GloBal |
| 108 | Instagram Cases |
| 116, 117 | JWJ STORE |
| 118 | JZ CASES |
| 121 | KDQQ |
| 122 | KE LA |
| 123 | Korean |
| 125 | Kuily |
| 126 | Kunddy |
| 130 | Lick lip Official |
| 135 | LLady Secret |
| 151 | New Wind |
| 158 | Personalise Clothes |
| 160 | print unicore |
| 161 | Quality cotton TEES333 |

| | |
|---|---|
| 162 | Quality pure cotton Tees 22 |
| 163 | Rachel+ |
| 164 | Reputation |
| 165 | RONXS |
| 166 | sanlyteng99 |
| 167 | SDRawing Official |
| 168 | Sevgiliye |
| 169 | Sexy large size women's clothes |
| 170 | Shop1100005108 |
| 171 | Shop110000S102 |
| 172 | Shop1100218670 |
| 173 | Shop1100327005 |
| 174, 175 | Shop1102065344 |
| 176 | Shop1102099140 |
| 180 | Shop1102178781 |
| 181 | Shop1102200135 |
| 182 | Shop1102244957 |
| 183 | Shop1102284127 |
| 184 | Shop1102337814 |
| 185 | Shop1102420892 |
| 186 | Shop1102492029 |
| 187 | Shop1102498175 |
| 188 | Shop1357616 |
| 189 | Shop1972984 |
| 190 | Shop3085051 |
| 191 | Shop334558 |
| 192 | Shop3891001 |
| 193 | Shop4674093 |
| 194 | Shop5082080 |
| 195 | Shop5187024 |
| 196 | Shop5204026 |
| 197 | Shop5207015 |
| 198 | Shop5222019 |
| 199 | Shop5424004 |
| 200 | Shop5490140 |
| 201 | Shop5601191 |
| 202 | Shop5733322 |
| 203 | Shop5779874 |
| 204 | Shop5834080 |
| 205, 206 | Shop5878739 |
| 207 | Shop900235122 |
| 208 | Shop900235204 |
| 209 | Shop900237057 |
| 210 | Shop911613212 |

| 211 | Shop912175333 |
|-----|---------------|
| 212 | Small waves |
| 213 | Smirnoff Studios |
| 214 | sofievalkiers c |
| 215 | StickerOnLine |
| 216 | STREET TRIBE |
| 217 | Streetwear Life |
| 218 | Streetwear Trendy |
| 219 | Sugarbaby |
| 220 | SUNOWE Official |
| 221 | Tark Music |
| 222 | Textile Fabric Salon |
| 223 | The Way I Am |
| 224 | Think What You Think |
| 225 | Tino Kino HZ1 |
| 226 | TJ Jian |
| 228 | Unique Code |
| 229 | V and A |
| 230 | vBlingStone Stationery |
| 231 | VICTEES |
| 232 | Vinbrandmn |
| 233 | Vinbrandmn-LY |
| 234 | Vinbrandmn-XF |
| 235 | Vivians |
| 236 | Vsemayki |
| 237 | wanghong6 |
| 238 | webster |
| 239 | WENWEN2023 |
| 240 | WGTD4 child |
| 241 | wuNAN |
| 242 | xiaoli cap |
| 243 | XINGYUANKE Official |
| 244 | XMrich |
| 245 | yangqiuju |
| 246 | Ybaob01 |
| 247 | YF-Bag |
| 248 | yi yi dress-3 |
| 249 | YI YI EUN SANG |
| 250 | YINBU Dropship Clothes |
| 251 | Yixing |
| 252 | YJZT 4 |
| 253 | YSBFALNZ Apparel |
| 254 | ZeWa Tops |
| 255 | ZOGAA Women's Cloth |

| | |
|---|---|
| 256 | ZSIIBO MiNiZo |
| 257 | zuolunouba Official |
| 258 | ZYTJY TJY |
| 259 | Shop4929013 |
| 260 | WOHOSAM |
| 261 | Lovebay Retail |
| 262 | CoolCute Phone Accessories |
| 263 | AKABEILA Official |
| 264 | Shop3148003 |
| 265 | Getuback |
| 266 | Shop5782879 |
| 267 | Super Sale |
| 268 | ESOGO |
| 269 | KALENMOS |
| 270 | KALENMOS Boutique |
| 271 | Encounter-you |
| 272 | Shop5834153 |
| 273 | Shop4470115 |
| 274, 275, 276 | TAOYUNXI 3C Products |
| 277 | ZKK |
| 278, 279 | Mengtai Official |
| 280 | jianwu Official |
| 285 | cong03 |
| 287 | courtneylee |
| 289 | cydm |
| 290 | dou003 |
| 293 | elixirpill |
| 294 | ethanmary |
| 295 | fairness01 |
| 296 | FANCY CHILDHOOD |
| 298 | gaoshangs |
| 299 | gauaike |
| 300 | gongbaojidin |
| 301 | haomaoo |
| 303 | hoeasy |
| 304 | honglounen |
| 307 | jinstarr |
| 308 | justessedy |
| 309 | kirke |
| 310 | kong003 |
| 311 | kong02 |
| 312 | koushuiji |
| 316 | lu02 |
| 317 | luo05 |

| | |
|---|---|
| 318 | mapodoufu |
| 319 | marryone |
| 321 | Men's Jeans |
| 325 | mondaybtday |
| 326 | mothervictory |
| 327 | mu02 |
| 328 | mu03 |
| 329 | mu04 |
| 331 | perkyytrade |
| 332 | primaverty |
| 335 | shanzha |
| 336 | shonglin |
| 338 | smoke_factory |
| 339 | sogga |
| 340 | synthetic |
| 343 | vhomev |
| 344 | wanjiahe |
| 346 | watchlove |
| 347 | wenjizong |
| 351 | xue03 |
| 352 | xue04 |
| 353 | yao05 |
| 354 | yifuakilig520 |
| 355 | yihanshan |
| 356 | zhinen |
| 357 | zhoufe |
| 374 | ArtOliviaStudio |
| 375 | BcustomTworld |
| 376 | BlackCatFR |
| 380 | CutePhoneCovers |
| 381 | CuteTshirtsGoods |
| 382 | darkpopstickers |
| 383 | delightf |
| 385 | designsbygrach |
| 386 | DesignsbyMKA |
| 396 | InfoenixCreations |
| 403 | MBSPrintables |
| 407 | Shirts4you4less |
| 411 | The2WeekTattoo |
| 413 | ToteItEasy |
| 415 | ValerieJudithApparel |
| 417 | WarmHeartMugs |
| 418 | CharmingSquad |
| 420 | TigerBunnyTees |

| | |
|---|---|
| 424 | TakeMyMoneyBaby |
| 425 | VannaJaneCo |
| 433 | CHOMOEN Co., Ltd |
| 434 | Cobbeko CO., LTD |
| 437 | FLORISHZ |
| 439 | HESITONE |
| 440 | HOMEIU Co., Ltd |
| 445 | JULYING |
| 454 | Talent |
| 465 | ZOYONE |
| 466 | ZIYORK CO., LTD |
| 469 | Aknzzknxsknxkxkjxxkcjzkn |
| 471 | annabellehead912025 |
| 472 | Antonio Sanchez |
| 473 | ArvinEvangelineeWsYm |
| 475 | benben2541 |
| 483 | Bzbzbxbbzbshdbdbhdhs |
| 484 | Carlo Casillas |
| 486 | Charles Henson |
| 488 | Christine J Belle |
| 493 | David Fleming |
| 495 | Deil pky |
| 496 | dshujfygsjdfhduadgsby |
| 506 | Gecko Pullover |
| 513 | hjjxnbxmxnbxmzbvzmzbczb |
| 517 | Indira D Robinson |
| 518 | Janxseom |
| 520 | Jennifer Wallace |
| 522 | Joel Canary |
| 523 | joseph taylor88 |
| 524 | Juan H Gelman |
| 526 | kenadirau52551262 |
| 527 | krissharri15 |
| 528 | lazaroreynolds19 |
| 531 | leschviviana |
| 536 | Maria Prislin |
| 539 | maurice dresslaer |
| 540 | mcdermottjamison536 |
| 543 | Michael cartagena34 |
| 544 | Michael K Ricciardi |
| 550 | Nzjxjxjxjxjdjdmxkxkkxkxk |
| 555 | repuestoscars20 |
| 557 | Rigoberto Kibler |
| 558 | Robert Burkholder34 |

| | |
|---|---|
| 559 | robert schaefe |
| 571 | Suzanne Whitea |
| 576 | Transfuture soo |
| 578 | vkstns123 |
| 580 | Wendyjkgfh |
| 582 | Wonskndznzjznnxjzknckbs |
| 602 | FrankArnold |
| 632 | dashanmu5 |
| 639, 657 | CLAIRE DESIGN |
| 642, 647 | Hongma good thing |
| 651 | THREEMAGI Fashion Accessories |
| 653 | Rosegirl |
| 655, 656 | THREEMAGI FASHION |
| 658 | Shenzhen Olan Kongge Technology Co. |
| 662 | Shenzhen Little Chestnut Toys Co. |
| 665 | Shenzhen RongHua FuGui Electronic Commerce Co. |

| | APPENDIX B | | |
|---|---|---|---|
| | Title | Registration # | Registration Date |
| 1 | Not Today. | VA0002240645 | 2021-01-07 |
| 2 | Overthinking and also hungry. | VA0002263723 | 2021-07-29 |
| 3 | Nothing to see here. | VA0002273083 | 2021-09-24 |
| 4 | Little fox in a pocket. | VA0002272496 | 2021-09-15 |
| 5 | Before coffee I am 17% alive. | VAu001448293 | 2021-09-21 |
| 6 | Everything Seems Fine. | VA0002264491 | 2021-08-03 |
| 7 | Scared of Spiders and Future. | VA0002264829 | 2021-08-01 |
| 8 | Existing. | VA0002265386 | 2021-08-05 |
| 9 | What is going on? | VA0002264518 | 2021-08-03 |
| 10 | Vaguely Aware of Social Norms. | VA0002264797 | 2021-08-03 |
| 11 | Time to avoid people forever. | VAu001448293 | 2021-09-21 |
| 12 | All These Feelings. | VA0002264833 | 2021-08-01 |
| 13 | Full of Pizza and Doubts. | VA0002264802 | 2021-08-03 |
| 14 | Anxious Suddenly. | VA0002264817 | 2021-08-03 |
| 15 | Space Botanica. | VA0002263484 | 2021-08-10 |
| 16 | What is this madness. | VA0002269238 | 2021-09-10 |
| 17 | Social Interactions Limit Reached. | VA0002273092 | 2021-09-24 |
| 18 | This is not going well. | VA0002323637 | 2022-10-05 |
| 19 | This wasn't the plan. | VAu001443550 | 2021-08-11 |
| 20 | This is weird. I like it. | VA0002273094 | 2021-09-24 |
| 21 | Party Time. | VAu001443550 | 2021-08-11 |
| 22 | Keep your friends close but your chocolate closer. | VA0002273071 | 2021-09-24 |
| 23 | Bunnies! | VA0002272495 | 2021-09-15 |
| 24 | Back to the gym! | VA0002266037 | 2021-08-31 |
| 25 | Wake me when pizza. | VA0002263576 | 2021-08-10 |
| 26 | Projecting Calm - Internally Panicking. | VA0002263581 | 2021-08-10 |
| 27 | I am trying, OK? | VAu001447878 | 2021-09-19 |
| 28 | Too Cute. | VA0002269279 | 2021-09-10 |
| 29 | Don't. | VA0002273091 | 2021-09-24 |
| 30 | NOPE. | VAu001448293 | 2021-09-21 |
| 31 | So what. | VA0002281551 | 2021-12-12 |
| 32 | Nope. | VA0002263811 | 2021-08-09 |